IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MICHAEL WALSH,**
**Defendant Below, Petitioner**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-77**   (Cir. Ct. Tucker Cnty. Case No. CC-47-2021-C-9)

**BEAVER RIDGE RESORT CONDO**
**UNIT OWNERS' ASSOCIATION,**
**Plaintiff Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Michael Walsh appeals the Circuit Court of Tucker County's December 31, 2024, order, which granted judgment to respondent Beaver Ridge Resort Condo Unit Owners' Association ("Beaver Ridge") following a bench trial. Beaver Ridge filed a response.[1] Mr. Walsh filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Beaver Ridge is a homeowners' association for a condominium development in Tucker County. Mr. Walsh owns two units in the development—Unit 1116 and Unit 1260. All units in the development are subject to the Declaration of Beaver Ridge, dated 1987, and all amendments (the "Declaration"), which are recorded in Tucker County. The Declaration provides that all unit owners shall comply with Beaver Ridge's Bylaws (the "Bylaws") and Rules and Regulations when the unit owners accept a deed to a unit. The Bylaws provide for the assessment of maintenance fees, special assessment fees, and fines for failing to provide a unit key and provide that any unpaid assessments and fines are subject to late fees and interest.

Mr. Walsh failed to pay certain assessed maintenance fees and special fees and failed to supply Beaver Ridge with keys to his two units, resulting in key fines being charged to Mr. Walsh. Mr. Walsh failed to pay the full amount of these fees and fines and on March 3, 2021, Beaver Ridge filed a complaint in the Circuit Court of Tucker County seeking to recover the unpaid fees and fines, plus contractual attorney fees and interest.

---

[1] Mr. Walsh is self-represented. Beaver Ridge is represented by Jeremy B. Cooper, Esq., Blackwater Law PLLC.

On December 3, 2024, a bench trial was held where the parties appeared and provided testimony and other evidence to the circuit court. Beaver Ridge demanded judgment in the total amount of $29,954 plus costs, interest, and attorney fees. On December 31, 2024, the circuit court entered the Final Order awarding judgment to Beaver Ridge in the amount of "[$9,877], up to February 14, 2023, plus pre-judgment [interest] from February 14, 2023, at the rate of 8% plus attorney fees of [$3,125] (12.5 hours—because Plaintiff prevailed on half of its claims—multiplied by [$250] per hour) and costs, as taxed by the Tucker County Circuit Clerk." This appeal of the circuit court's December 31, 2024, order followed.

In this appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

At the outset, we note that our review of this matter is obstructed by Mr. Walsh's failure to comply with Rule 7 and Rule 10 of the West Virginia Rules of Appellate Procedure. Rule 7(d) requires that a petitioner "shall prepare and file an appendix containing," among other items, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "[m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion," and "[o]ther parts of the record necessary for consideration of the appeal." W. Va. R. App. P. 7(d). This requirement is expounded upon in Rule 10(c)(7) of the Rules of Appellate Procedure which provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Under this Rule, "[t]he Intermediate Court ... may disregard errors that are not adequately supported by specific references to the record on appeal."

The appendix filed by Mr. Walsh does not contain the pleadings or other filings made by the parties below. However, our review is most hampered by Mr. Walsh's failure to include a transcript of the bench trial in his appendix. Not only is the transcript integral to this Court's review of the proceedings below, but in this case, it is particularly relevant considering that Mr. Walsh's arguments on appeal are that the circuit court allegedly failed

2

to recognize the factual and legal significance of facts presented at trial.[2] Without the trial transcript, we cannot adequately consider Mr. Walsh's arguments in support of his assignments of error.

As the Supreme Court of Appeals of West Virginia has held:

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966).

In the instant case, we find that Mr. Walsh failed to provide this Court with a record affirmatively establishing reversible error in the circuit court's decision. Accordingly, we affirm the circuit court's December 31, 2024, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[2] On appeal, Mr. Walsh asserts three assignments of error: (1) the circuit court erred in failing to recognize that the HOA's bookkeeping accounts submitted by the HOA contained a combined credit of $6,350 for the Defendant; (2) the circuit court erred in failing to recognize the Defendant's proper use of accord and satisfaction as a basis to wipe out all claims raised by Beaver Ridge; and (3) The circuit court failed to rule on the reasonableness of Beaver's Ridge's fines for not providing unit keys.